## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**DAVID LEE DAVIS**,

   **Petitioner,**

**v.**             **Case No.: 1:18-cv-01192**

**WARDEN BARBARA RICKARD**
**FCI McDowell,**

   **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

   Pending before the Court are David Lee Davis's (hereinafter "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Motion to Dismiss, (ECF No. 10). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus; **GRANT** Respondent's request for dismissal; and **DISMISS** this action, with prejudice, and remove it from the docket of the Court.

## I.  Relevant Facts

   On November 16, 2012, Petitioner was convicted and sentenced in the United States District Court for the Southern District of Iowa (the "sentencing court") after

pleading guilty to conspiracy to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Davis*, Case No. 3:11-cr-00093-SMR-TJS-1 (S.D. Iowa Nov. 20, 2012), at ECF Nos. 69, 71. Petitioner contends that he was sentenced more severely as a career offender under the United States Sentencing Guidelines ("Guidelines") based upon his prior convictions under Iowa state law for burglary and possession with intent to deliver marijuana. (ECF No. 1 at 7-8). Under the relevant Guidelines, a defendant convicted of a controlled substance or crime of violence offense could receive an increased sentence as a career offender if he had two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. A "crime of violence" was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id*. at § 4B1.2(a).

Petitioner filed a direct appeal with the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"), which affirmed his conviction and sentence on June 19, 2013. *United States v. Davis*, 510 F. App'x 489, 490 (8th Cir. 2013). Petitioner then filed an unsuccessful motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *Davis v. United States*, Case No. 4:14-cv-00467-SMR (S.D. Iowa Nov. 17, 2014), ECF Nos. 1, 9. The month after Petitioner's § 2255 motion was denied, the Supreme Court of the United States ("Supreme Court") issued a decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), striking down as unconstitutionally vague a portion of the Armed Career

2

Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), known as the ACCA's "residual clause."

Petitioner subsequently sought authorization from the Eighth Circuit to file a second or successive § 2255 motion on the ground that he was sentenced as a career offender based, in part, upon a residual clause in the Guidelines that was identical to the residual clause in the ACCA that was ruled unconstitutionally vague in *Johnson*. *See Davis v. United States*, Case No. 16-2332 (8th Cir. May 25, 2016). Very shortly after Petitioner filed the request for authorization in the Eighth Circuit, the Supreme Court issued a decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), in which the Court considered whether a conviction under Iowa's burglary statute qualified as a predicate crime under the ACCA. The Supreme Court found that because the elements of Iowa's burglary statute were broader than those of generic burglary, Mathis's Iowa burglary convictions could not give rise to an ACCA sentence. *Id*. at 2257.

In light of the *Mathis* decision, Petitioner added a claim to his pending request in the Eighth Circuit for authorization to file a second or successive § 2255 motion. Petitioner argued that the analysis expressed in *Mathis* effectively precluded the sentencing court from using Movant's Iowa burglary conviction as a predicate conviction for sentencing as a career offender under the Guidelines. *Davis*, Case No. 16-2332 (June 24, 2016). Given that *Johnson* and *Mathis* involved sentences under the ACCA, and not under the Guidelines, Petitioner acknowledged that cases were pending in the Supreme Court to determine whether such reasoning would be applied to Guidelines sentences. *Id*. Thereafter, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), finding that the residual clause in the advisory Guidelines was not unconstitutionally vague. Accordingly, the Eighth Circuit denied Petitioner authorization to file a second or successive § 2255 motion. *Davis*, Case No. 16-2332

(Aug. 3, 2017).

In June 2017, while Petitioner's request for permission to file a second or successive § 2255 motion was pending—but before it was denied—Petitioner filed a § 2241 petition in this Court. *Davis v. Rickard,* Case No. 1:17-cv-03357 (S.D.W. Va. June 22, 2017), at ECF No. 1. In the petition, Petitioner challenged his designation as a career offender under the Guidelines, stating that the designation added more than 140 months to his sentence. *Id.* at 2. He stated that the remedy under § 2255 was inadequate or ineffective to challenge his sentence, because his previous § 2255 was "botched" by his habeas counsel and dismissed as untimely. *Id.* at 5. Petitioner asserted that he was no longer properly sentenced as a career offender for two reasons. *Id.* at 6-7. First, pursuant to *Mathis*, his "prior burglary conviction no longer counts as a violent felony" and did not qualify as a predicate crime for the career offender status. *Id.* at 6. Second, Petitioner argued that under "*Mathis/Hinkle*," his Iowa conviction for possession with intent to deliver marijuana likewise did not count as a predicate conviction under the career offender provisions in the Guidelines. *Id.* at 7.

In response to a show cause order, Respondent argued that the petition involved the validity, rather than the execution, of Petitioner's sentence and was appropriately construed as a motion under § 2255. *Davis,* Case No. 1:17-cv-03357 at ECF No. 10 at 2-4. Respondent further argued that Petitioner failed to establish that the remedy under § 2255 was inadequate or ineffective to challenge the legality of his conviction or sentence. *Id.* at 5.

On December 20, 2017, the undersigned submitted Proposed Findings and Recommendations regarding Petitioner's § 2241 petition, which recommended that the petition be dismissed. *Id.* at ECF No. 14. The undersigned determined that Petitioner

failed to establish he was entitled to utilize the "savings clause" as required to challenge the legality of a conviction under § 2241, because he failed to cite to any "substantive change in the law rendering non-criminal the conduct for which he was convicted." *Id.* at 6. The undersigned additionally noted that Petitioner was challenging the legality of his sentence, not his conviction and, at that time, Fourth Circuit precedent had "'not extended the reach of the savings clause to those petitioners challenging only their sentence.'" *Id.* at 6-7 (quoting *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)).

On January 12, 2018, Petitioner submitted a letter asking that he be permitted to withdraw his § 2241 petition until he was able to secure counsel. *Id.,* at ECF No. 15 at 1. On June 26, 2018, the District Court granted Petitioner's request to withdraw his § 2241 petition without prejudice. *Id.,* at ECF No. 16 at 4. In the Order, the District Court additionally noted that "the legal landscape has changed since the PF&R was filed," as the Fourth Circuit had recently released its opinion in *United States v. Wheeler*, 886 F.3d 415,428 (2018), which held that a petitioner may utilize the savings clause to challenge his sentence under certain circumstances. *Id.*

On July 30, 2018, Petitioner submitted the instant § 2241 petition. (ECF No. 1). In the petition, Petitioner argues that his sentence was improperly calculated under the Guidelines as two of the prior convictions used to provide a career offender enhancement "stem from the same incident," and thus should only have been considered as a single prior conviction. (*Id.* at 8). Petitioner additionally asserts that *Mathis* establishes his prior conviction under Iowa's burglary statute is not a "prior violent felony" and can no longer qualify as a predicate offense for career offender status. (*Id.*). Petitioner adds that, because third-degree burglary of a vehicle is not punishable by

5

more than one year in jail under state law, the use of such a conviction as a predicate offense for the career offender enhancement was an error. (*Id.*). Petitioner also challenges the use of his conviction for possession of marijuana as a predicate offense, arguing that he was improperly convicted of "intent to deliver," when he was only guilty of possession. (*Id.* at 9). Petitioner alleges that his attorney provided ineffective assistance of counsel by failing to challenge the use of the prior convictions on these grounds. (*Id.*).

In addition to challenging his sentence, Petitioner attacks the validity of his convictions, arguing that he was improperly convicted of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) as the United States failed to establish an appropriate connection between his drug distribution and gun ownership. (ECF No. 1 at 11). Petitioner contends that he should not have been convicted of a conspiracy to distribute drugs given that he had no co-defendants and only "maintained a buyer/seller relationship with the informant." (*Id.* at 12).

Finally, Petitioner argues that the Supreme Court's decision in *Rosales-Mireles v. United States,* 138 S. Ct. 1897 (2018), confirms that a Guidelines error is a serious error that this Court may correct in collateral review. (*Id.* at 13). Petitioner asks this Court to reverse his sentence and re-sentence him without applying the career offender enhancement. He also requests the Court to "look into" his convictions under § 924(c) and § 841(b)(1)(B), and 841(b)(1)(C). (*Id.*).

On October 2, 2018, Respondent submitted a Motion to Dismiss. (ECF No. 10). In the motion, Respondent argues that the petition should be dismissed as inappropriately filed under § 2241 because Petitioner is challenging the validity of his sentence rather than its execution, and he does not meet the requirements of the savings

clause. (ECF No. 10 at 4-5). Respondent further contends that Petitioner's claim of a retroactive change in the law, rendering invalid the use of his prior convictions as predicate offenses under the career offender enhancement, lacks merit. (Id.). Respondent asks this Court to dismiss the petition as misfiled under § 2241. (*Id.* at 5).

Petitioner responded to Respondent's Motion to Dismiss and argued that the "Motion to Dismiss should itself be dismissed." (ECF No. 13 at 1). Petitioner believes that Respondent misconstrues his petition as relying on the *Wheeler* decision to show a substantive change in the law, when he is in fact relying on *Wheeler* for the proposition that his claims are cognizable in a § 2241 petition. Petitioner asserts that he relies on the decision in *Mathis* to establish the necessary substantive change in law. (*Id.*). Petitioner asks this Court to consider his petition using "*Mathis, Descamps, Rosales-Mireles, Hinkle,* [and] *Wheeler.*" (*Id.* at 4).

## II.  **Discussion**

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his conviction and sentence, and not the execution of his sentence. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus under § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court has denied
> him relief, *unless it also appears that the remedy by motion is inadequate*
> *or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a §
2241 petition to take the place of a § 2255 motion, but not "merely ... because an
individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at
1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of §
2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger
the savings clause in the context of a challenge to the validity of a conviction, the
petitioner's claim must contain all three of the following characteristics: (1) at the time
of his conviction, the settled law of the circuit or the Supreme Court established the
legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the
substantive law changed such that the conduct of which he was convicted is now deemed
not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because
the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th
Cir. 2000). With respect to challenges involving the validity of a sentence, the savings
clause is available only when the petitioner can establish that: (1) at the time of
sentencing, settled law of the circuit or the Supreme Court established the legality of the
sentence; (2) subsequent to his direct appeal and first § 2255 motion, the
aforementioned settled substantive law changed and was deemed to apply retroactively
on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for
second or successive motions; and (4) due to this retroactive change, the sentence now
presents an error sufficiently grave to be deemed a fundamental defect. *United States v.*

*Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit in *Wheeler* held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id*. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed.Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed.Appx. 268 (4th Cir. 2014).

### A. The Petition as a § 2241 Motion

### 1. Governing law

Petitioner was convicted in the Southern District of Iowa, which sits within the Eighth Circuit. As he is incarcerated within the jurisdiction of the Southern District of West Virginia, however, he filed the instant § 2241 petition in this Court. Courts in this circuit considering similar cases have generally found "that the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted." *Chaney v. O'Brien*, No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007), *aff'd*, 241 F. App'x 977 (4th Cir. 2007). "Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction." *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001). Moreover, applying the law of the court of confinement would result in the choice of law being based "on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." *Chaney,* No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (internal quotation omitted). This could result in inequitable outcomes such as co-defendants convicted of the exact same crimes

receiving different relief based on the location of their confinement. *Id.* For these reasons, when analyzing a federal inmate's § 2241 petition, courts in this circuit have generally applied the substantive law of the court of conviction when it differs from the substantive law of the reviewing court's circuit. *See Eames v. Jones,* 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) (finding that "the substantive law of the circuit where a [p]etitioner was convicted controls his habeas petition."); *see also Bender v. Carter*, No. 5:12CV165, 2013 WL 5636745, at *2 (N.D.W. Va. Oct. 15, 2013), *aff'd*, 564 F. App'x 694 (4th Cir. 2014) (finding that the substantive law of the court of conviction should apply to § 2241 petition, but procedural law of reviewing court should govern its application); *Morgenstern v. Andrews*, No. 5:12-HC-2209-FL, 2013 WL 6239262, at *3 (E.D.N.C. Dec. 3, 2013), *aff'd*, 569 F. App'x 158 (4th Cir. 2014) ("Thus, the court finds that the Eleventh Circuit's substantive law governs the 'savings clause' analysis in this action."); *Perkins v. Vereen*, No. 8:19-CV-0047-MGL-JDA, 2019 WL 1411105, at *3 (D.S.C. Feb. 4, 2019), *report and recommendation adopted*, No. CV 8:19-0047-MGL, 2019 WL 1405824 (D.S.C. Mar. 28, 2019) (applying the substantive law of the court of conviction to a § 2241 petition).

The Fourth Circuit recently addressed this issue when reviewing a § 2241 petition by a petitioner who was convicted in the Eleventh Circuit, but brought the petition in a federal district court in North Carolina due to his incarceration within the state. *See Moss v. Atkinson*, No. 18-6096, 2019 WL 1766996, at *1 (4th Cir. Apr. 19, 2019) (unpublished). The Fourth Circuit determined that the petitioner could not meet the savings clause requirement "because his sentence is still legal under Eleventh Circuit law." *Id.* at *2. The Fourth Circuit went on to note that "[t]his court has not definitively resolved whether a petitioner sentenced out of circuit must show that his sentence is

10

illegal under the sentencing circuit's law or our circuit's law," but determined, without expressly deciding the issue, that in the case before it the Eleventh Circuit's substantive law should apply because the parties agreed Eleventh Circuit law should apply, and "applying our court's substantive law likely wouldn't change the outcome." *Id.* at *2 n.1.

While courts in this circuit have generally applied the substantive law of the court of conviction, they have continued to apply the procedural law of the Fourth Circuit. *See Bender*, No. 5:12CV165, 2013 WL 5636745, at *2 (rejecting the petitioner's argument that the court erred by employing *Wheeler* when determining whether the petitioner met the savings clause requirements); *Moss,* No. 18-6096, 2019 WL 1766996, at *2 (applying Eleventh Circuit substantive law, but using the *Wheeler* test to determine whether the petitioner met the savings clause). Accordingly, the undersigned will consider Petitioner's § 2241 petition under the substantive law of the Eighth Circuit, while applying the procedural law of the Fourth Circuit.

## 2. Ability to challenge guidelines error in habeas review

Petitioner is attempting to challenge the validity of his sentence and, as such, must meet the savings clause requirements outlined in *Wheeler*. 886 F.3d at 429. *Wheeler* mandates that an inmate attempting to challenge the validity of his sentence via the savings clause must show not only that there has been a retroactive change of law which invalidates the sentence imposed, but also that because of this retroactive change, "the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.*

In *United States v. Foote*, the Fourth Circuit noted that "not every alleged sentencing error can be corrected on collateral review." 784 F.3d 931, 932 (4th Cir. 2015). "[O]nly those errors presenting a 'fundamental defect which inherently results in

a complete miscarriage of justice' are cognizable." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court considered whether a petitioner's habeas challenge to his sentence, which was based on a subsequently-nullified career offender designation, was a "fundamental defect" sufficient to merit review on a motion to vacate. *See* 784 F.3d at 932. Ultimately, the Fourth Circuit declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [the petitioner] was (and on remand, would again be) sentenced under an *advisor*y Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 941 (emphasis original). The Fourth Circuit based its determination largely on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). which "'stripped [the Guidelines] of legal force and made them advisory.'" *Id.* at 942 (quoting *United States v. Dean*, 604 F.3d 169, 173 (4th Cir. 2010)) (brackets in original). "Because of this lack of '"legal force,"' the Fourth Circuit determined it "would be remiss to place an erroneous Guidelines classification under an advisory scheme in the same category as violation of a statute or constitutional provision." *Id.* The Fourth Circuit later affirmed that the advisory nature of the Guidelines renders an error in calculation a non-fundamental defect. *See Lester v. Flournoy,* 909 F.3d 708, 715 (4th Cir. 2018) *(*error in guidelines calculation was fundamental error where petitioner sentenced under pre-*Booker* mandatory guidelines, but "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory Guidelines."); *see also Kornegay v. Warden, FCI Butner,* 748 F. App'x 513, 514 (4th Cir. 2019) (denying § 2241 petition because "[the petitioner] was sentenced under the advisory Guidelines and *Foote* bars his petition.") (unpublished).

The question of whether or not a claim of error is a "fundamental defect" as required to meet the savings clause requirement is governed by Fourth Circuit procedural law as set out in *Wheeler*. 886 F.3d at 429. While Eighth Circuit substantive law may apply to Petitioner's claims, this Court is still governed by the requirements of the Fourth Circuit in determining whether the petition is able to clear the procedural hurdles that are imposed on petitioners seeking to utilize § 2241 to challenge the validity of their sentence. *See Bender*, No. 5:12CV165, 2013 WL 5636745, at *2 (rejecting the petitioner's argument that the court erred by employing *Wheeler* when determining whether the petitioner met the savings clause requirements); *Moss,* No. 18-6096, 2019 WL 1766996, at *2 (applying Eleventh Circuit substantive law, but using the *Wheeler* test to determine whether the petitioner met the savings clause). Accordingly, Fourth Circuit precedent governs whether a claim of advisory Guidelines error presents a "fundamental defect" sufficient to be cognizable on collateral review under the fourth prong of the *Wheeler* test. In any event, district courts in the Eighth Circuit have also concluded that advisory Guidelines errors are not cognizable in habeas review. *See Rubashkin v. United States*, No. 08-CR-1324-LRR, 2017 WL 384277, at *59 (N.D. Iowa Jan. 26, 2017) ("The alleged error in the application of the advisory Guidelines is not a fundamental defect that inherently results in a complete miscarriage of justice"); *see also United States v. Tolerson*, No. 614CR60011-SOH-MEF, 2017 WL 4769048, at *4 (W.D. Ark. May 24, 2017), *report and recommendation adopted*, No. 6:14-CR-60011, 2017 WL 4701067 (W.D. Ark. Oct. 19, 2017) ("Thus, allegations of Guidelines errors are not cognizable under § 2255 unless the sentence imposed exceeds the statutory maximum.").

13

Petitioner was sentenced in 2012, well after the 2005 *Booker* decision, and consequently was not subject to the mandatory application of the Guidelines. *Davis*, Case No. 3:11-cr-00093-SMR-TJS-1 at ECF Nos. 69, 71. As the career offender enhancement employed by the sentencing court was used to calculate an advisory, not mandatory, Guidelines range and did not operate to impose a sentence above the statutory maximum, Petitioner is unable to present "an error sufficiently grave to be deemed a fundamental defect" as required to use the savings clause. *See Wheeler*, 886 F.3d at 429; *Foote*, 784 F.3d at 941; *see also Lee v. Andrews*, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) ("Because the [advisory Guidelines] error petitioner alleges does not rise to the level of a 'fundamental defect,' petitioner cannot satisfy the fourth prong of the *Wheeler* test."); *Fennell v. Joyner*, No. CV 5:18-1740-HMH-KDW, 2019 WL 1253233, at *3 (D.S.C. Mar. 19, 2019) (allegedly erroneous application of career offender enhancement not a fundamental defect under fourth prong of *Wheeler* test).

Accordingly, the undersigned **FINDS** that Petitioner fails to establish that he meets the requirements of the savings clause as contained in § 2255(e) with respect to his allegations of a Guidelines error; as a result, he is precluded from bringing this claim in a § 2241 petition.

### 3. *Mathis* does not entitle Petitioner to relief

Petitioner argues that *Mathis* retroactively invalidates his sentence and allows him to proceed under the savings clause. (ECF No. 13 at 1). *Mathis* provides an insubstantial basis to allow Petitioner to utilize the savings clause, however, as the decision does not apply retroactively on collateral review. Petitioner briefly states he would additionally like his petition reviewed under "*Descamps*." (*Id.* at 4). Petitioner

14

appears to be referring to the Supreme Court decision, *Descamps v. United States*, 570 U.S. 254 (2013). In that case, the Supreme Court held that sentencing courts may not use the so-called "modified categorical approach" when determining whether a prior conviction qualifies as a predicate offense under the ACCA if "the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 258. Petitioner's reliance on *Descamps* is also misplaced however, as, like the *Mathis* decision, *Descamps* did not represent the creation of a new rule, but "merely reiterated an existing legal principle." *Gary v. Kallis*, No. CR ELH-08-86, 2017 WL 2242680, at *4 (D. Md. May 23, 2017) (collecting cases).[1] Courts in both the Eighth and Fourth circuits have overwhelmingly recognized that both *Mathis* and *Descamps* do not apply retroactively on collateral review, and thus do not allow a petitioner to employ the savings clause or seek collateral relief. *See Hird v. Andrews*, 728 F. App'x 217 n.1 (4th Cir. 2018) ("Specifically, the district court accurately observed that ... the Supreme Court's ruling in [*Mathis*] does not apply retroactively to cases on collateral review..."); *Lee*, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 ("Here, petitioner cannot satisfy the second prong of the *Wheeler* test because *Mathis* is not a new rule of substantive law that is retroactively applicable on collateral review."); *Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) ("However, *Descamps* and *Mathis* did not announce a substantive change to the law. Rather, these cases reiterated and clarified when to apply the categorical approach or the modified categorical approach..."); *United States v. Saunders*, No. 7:09CR00021-01, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017)

---

[1] *Descamps* is additionally unavailable as a basis to use the savings clause for Petitioner as it fails to meet the requirement that the necessary change in law be "subsequent to [a petitioner's] direct appeal and first § 2255 motion." *See Wheeler*, 886 F.3d at 429. Petitioner was sentenced in November 2012, and *Descamps* was decided in June 2013, prior to the expiration of the time period wherein Petitioner could have filed a § 2255 motion.

(holding that "*Mathis* did not announce a new rule of law" and recognizing "'courts applying *Mathis* have consistently reached the same conclusion.'") (quoting *United States v. Taylor,* 672 F. App'x 860, 864 (10th Cir. 2016)); *United States v. Crawford*, No. 8:11CR353, 2018 WL 1136896, at *4 (D. Neb. Mar. 1, 2018) ("To the extent [the petitioner] argues that *Descamps* and *Mathis* furnish him relief, those cases are not given retroactive effect on collateral review."); *Blake v. United States*, No. 17-CV-1108 (PJS/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017), *aff'd*, No. 17-2448, 2017 WL 6603620 (8th Cir. Oct. 24, 2017) ("*Mathis*, however, does not represent a change in the law; instead, its decision was dictated by decades of prior precedent.") (quotation omitted); *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018) (noting that *Mathis* was "simply the Supreme Court's latest interpretations of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony" and that it had not been declared retroactive); *Trice v. United States*, No. 17-CV-1995 (DWF/LIB), 2017 WL 4685070, at *2 (D. Minn. July 18, 2017), *report and recommendation adopted*, No. CV 17-1995 (DWF/LIB), 2017 WL 4685062 (D. Minn. Oct. 16, 2017), *aff'd*, No. 17-3417, 2018 WL 2120611 (8th Cir. Mar. 26, 2018) (petitioner was unable to meet savings clause requirement that he seeks relief based on a new rule of law that applies retroactively as, "[t]he principle of law set forth in *Mathis* … is not a new rule at all.").

As both *Mathis* and *Descamps* did not set forth a new rule of law which applies retroactively on collateral review, Petitioner's contention that they allow him to proceed under the savings clause is incorrect. Accordingly, the undersigned **FINDS** that Petitioner's claim that *Mathis* and *Descamps* invalidate the use of his prior convictions is not cognizable in a § 2241 petition because it does not meet the second prong of the

*Wheeler* test.

### 4. Claim based on *Hinkle*

In his petition, Petitioner states "[p]ossession of 1 gram of marijuana should not be held intent to deliver (*Hinkle*). Not a 'serious drug offense.'" (ECF No. 1 at 9). Petitioner did not provide a citation to the *Hinkle* case on which he relies, but there exists a case in which the United States Court of Appeals for the Fifth Circuit applied the reasoning of *Mathis* in holding that a defendant's prior conviction for delivery of heroin did not qualify as a controlled substance predicate offense under the career offender portion of the Guidelines, § 4B1.1. *See United States v. Hinkle*, 832 F.3d 569, 576 (5th Cir. 2016). Assuming that this is the case to which Petitioner refers, and upon which he wishes to rely, it does not enable Petitioner to challenge his sentence via § 2241. *Hinkle* is a Fifth Circuit decision and does not operate to change the substantive law of the Eighth Circuit. As the substantive law of the Eighth Circuit has not been changed by the Fifth Circuit decision in *Hinkle*, Petitioner is unable to rely on the decision to challenge the validity of his sentence via § 2241. *See e.g. Rogers v. Ramirez,* No. CV 6:17-1479-HMH-KFM, 2017 WL 3701238, at *2 (D.S.C. July 28, 2017), *report and recommendation adopted*, No. CV 6:17-1479-HMH-KFM, 2017 WL 3676583 (D.S.C. Aug. 17, 2017) (dismissing § 2241 claim relying on *Hinkle* as the petitioner did "not plausibly allege that the substantive law changed").

Moreover, even assuming that the decision in *Hinkle* allowed Petitioner to utilize the savings clause, it does not entitle him to relief. Petitioner argues that his 2003 conviction for possession of marijuana with the intent to deliver under Iowa Criminal Code § 124.401(1)(d) no longer qualifies as a predicate offense following the Fifth Circuit's decision in *Hinkle*. (ECF No. 1 at 9, 15). However, the Eighth Circuit has

previously considered the specific claim raised by Petitioner and rejected it. In *United States v. Maldonado,* the Eighth Circuit considered an argument, raised by the defendant on appeal, that the district court had erroneously concluded his prior state court convictions, including a conviction for "Possession with Intent to Deliver a Controlled Substance—Marijuana" under Iowa Criminal Code § 124.401, were predicate offenses for the purposes of the career offender enhancement. *See* 864 F.3d 893, 896-97 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 702 (2018). The Eighth Circuit first concluded that the defendant's citation to the *Hinkle* decision was unconvincing as, unlike the statute at issue in *Hinkle*, the Iowa statute did not on its face permit a conviction for the mere offer to sell controlled substances. *Id.* at 899. The Eighth Circuit next examined the text of the statutes at issue, as well as the state court decisions interpreting them, and came to the conclusion that "[e]ach of [the defendant's] prior convictions categorically qualify as a controlled substance offense." *Id.* at 901.

In light of the Eighth Circuit's explicit affirmation that a conviction under Iowa Criminal Code § 124.401 qualifies as a predicate offense, despite the decision in *Hinkle,* Petitioner's argument that the *Hinkle* decision has retroactively invalidated the use of his state conviction as a career offender predicate is unconvincing. Accordingly, the undersigned **FINDS** that Petitioner is unable to show the necessary substantive change in law required to allow him to bring this claim in a § 2241 petition.

### 5. Claims attacking sentence that could have been raised in § 2255

Petitioner raises several claims in support of his argument that his prior convictions should not have been used as predicate offenses, which do not even purportedly rely on newly applicable law, but instead could have been raised in Petitioner's prior § 2255 motion or direct appeal. Specifically, Petitioner argues that both

18

convictions stem from the same incident and same arrest and thus should have been considered a single prior conviction. Petitioner also contends that his conviction for burglary under Iowa state law was not punishable by more than a year in prison and consequently should not have been considered as a prior predicate offense. (ECF No. 1 at 8). These claims were available to Petitioner prior to the filing of his direct appeal and first § 2255 petition; indeed, Petitioner did raise, albeit unsuccessfully, the argument that the convictions lacked an intervening arrest prior to sentencing. *Davis*, Case No. 3:11-cr-00093-SMR-TJS-1 at ECF No. 65 at 2.

The savings clause is intended to provide an avenue of relief for federal inmates for whom the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of their detention. 28 U.S.C. § 2255(e); *Swain v. Pressley*, 430 U.S. 372, 381 (1977). The remedy provided by § 2255 is not inadequate or ineffective, however, merely because claims which could have been raised in an initial § 2255 petition are now barred by the rules prohibiting successive or untimely petitions. *See Robinson v. Warden of Lee Cty. U.S.P.,* No. 7:19CV00205, 2019 WL 2067220, at *2 (W.D. Va. May 10, 2019) ("Rather, his arguments in the § 2241 petition fall squarely in the category of claims that he could have raised in his § 2255 motion. The fact that such claims would now be barred as successive or untimely filed if raised in a second § 2255 motion does not authorize [the petitioner] to raise them instead in a § 2241 petition through the narrow window of § 2255(e)."); *see also Farmer v. Ramirez*, 732 F. App'x 222 (4th Cir. 2018) ("[Petitioner] has failed to satisfy his burden of demonstrating that 28 U.S.C. § 2255 is an inadequate or ineffective means of challenging the validity of his detention because his claim of sentencing error is not premised on a change in settled substantive law and could have been raised on direct appeal.") (unpublished).

19

Petitioner does discuss a recent Supreme Court case, *Rosales-Mireles v. United States*, with respect to his claimed Guidelines error, and argues that it stands for the proposition that if an inmate can successfully establish an incorrect Guidelines computation, it is usually a serious enough error to merit correction. (ECF No. 1 at 13). *Rosales-Mireles* considered the proper application of Federal Rule of Criminal Procedure 52(b) to a non-preserved Guidelines error on direct appeal; it did not address the question of when an inmate may bring a claimed Guidelines error via § 2241 and is not relevant to Petitioner's claim. *See* 138 S. Ct. at 1903.

Petitioner's assertion that the career offender enhancement was erroneously applied by the sentencing court is not based on a change in substantive law, but instead is based on an argument that could have been raised either on direct appeal or in an initial § 2255 petition. As such, it does not fall within the savings clause's narrow application. *See Jones v. Warden, FCI Allenwood*, No. 1:15-CV-13133, 2018 WL 4698493, at *6 (S.D.W. Va. Aug. 16, 2018), *report and recommendation adopted*, No. CV 1:15-13133, 2018 WL 4686442 (S.D.W. Va. Sept. 28, 2018) ("Petitioner is not relying on any retroactive change in the law, and the error he asserts could have, and should have, been raised in his direct appeal or his prior section 2255 motion."); *see also Peets v. Rickard*, No. 1:15-CV-14283, 2018 WL 3653785, at *3 (S.D.W. Va. June 11, 2018), *report and recommendation adopted*, No. CV 1:15-14283, 2018 WL 3650252 (S.D.W. Va. Aug. 1, 2018) ("The petitioner's claims were available to him at the time of sentencing and he should have raised them, if at all, either in a direct appeal or in a timely section 2255 motion."). Accordingly, the undersigned **FINDS** that Petitioner's claims that his prior convictions could not qualify as predicate offenses for the career offender enhancement, based on the argument that the maximum penalty allowed under Iowa

20

law rendered his burglary conviction ineligible as a predicate offense, as well as the argument that the two prior convictions should have been considered a single conviction, do not satisfy the requirements of the savings clause.

### 6. Claims attacking convictions that could have been raised in § 2255

Petitioner raises two claims which challenge the validity of his underlying convictions directly, rather than arguing that his Guidelines range was incorrectly calculated. Specifically, Petitioner contends that he was inappropriately convicted under § 924(c) given that the United States was unable to establish the requisite connection between Petitioner's drug dealing activities and firearm possession. (ECF No. 1 at 11). Additionally, Petitioner believes his conviction for conspiracy to distribute controlled substances is invalid as he was not charged with a co-defendant and only maintained a "buyer/seller" relationship with one individual. (*Id*. at 12).

As above, these claims suffer from a fatal flaw in that Petitioner does not explain how § 2255 was an inadequate or ineffective avenue to bring these arguments. Similar to petitioners seeking to utilize § 2241 to challenge their sentence, those who attempt to use the savings clause to attack the validity of their convictions must show that their claim is based on a substantive and retroactive change in law that renders their conviction now invalid. *See Jones*, 226 F.3d 333-34. Petitioner does not point to any substantive change in the law that renders his convictions, legal at the time of his sentencing, now illegal. His argument is instead that he should never have been convicted of the crime in the first place because he was factually innocent. This argument must be brought under § 2255 as it does not meet the savings clause requirement of § 2241. *See e.g. Santillana v. Collins*, No. 5:14-CV-12474, 2015 WL 852328, at *4 (S.D.W. Va. Jan. 14, 2015), *report and recommendation adopted*, No. 5:14-CV-12474, 2015 WL

21

852335 (S.D.W. Va. Feb. 26, 2015) (actual innocence claim must be brought under § 2255 not § 2241 where petitioner argued that he was mistakenly found guilty, not that an intervening change of law made him innocent); *see also Jones v. Johnson,* No. 1:15-CV-14845, 2017 WL 2240572, at *3 (S.D.W. Va. Feb. 24, 2017), *report and recommendation adopted sub nom., Jones v. Zuniga*, No. CV 1:15-14845, 2017 WL 2234186 (S.D.W. Va. May 22, 2017) (§ 2241 actual innocence of convictions claim must be based on an intervening change in substantive law). Petitioner fails to identify any substantive change in law related to his arguments that his convictions are now invalid; therefore, the undersigned **FINDS** that these claims may not be brought pursuant to § 2241.

In summary, the undersigned has considered all of Petitioner's claims and concluded they do not meet the requirements of the savings clause; therefore, the undersigned **FINDS** that Petitioner is unable to attack the validity of his sentence and convictions using § 2241 and, consequently, this Court lacks jurisdiction to consider the motion.

### B. The Petition as a § 2255 Motion

Inasmuch as Petitioner's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Petitioner's action, then he will be required to pursue his claim in the United States District Court for the Southern District of Iowa. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the

sentence. 28 U.S.C. § 2255(a).

The Court could construe Petitioner's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose to this exercise. Petitioner's apparent lack of authorization from the Eighth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Eighth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States*

23

*v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). District courts in the Eighth Circuit have also recognized that dismissal, rather than transfer, is appropriate if transfer of the petition would be futile. *See Estensen v. United States*, No. 4:17-CV-04071-KES, 2017 WL 9292611, at *4 (D.S.D. Dec. 6, 2017), *report and recommendation adopted*, No. 4:17-CV-04071-KES, 2018 WL 287500 (D.S.D. Jan. 4, 2018); *see also Rivera v. United States*, No. CIV. 05-1854 JRTRLE, 2006 WL 1116372, at *5 (D. Minn. Apr. 25, 2006).

For an appellate court to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Petitioner's claim, it appears that a transfer is not warranted because Petitioner does not satisfy the requirements of 28 U.S.C. § 2255(h). *Phillips*, 173 F.3d at 610.

Petitioner's claim is primarily based on the argument that *Mathis* invalidates the

24

use of a prior conviction as a predicate offense for the career offender enhancement. (ECF Nos. 1 at 8; 13 at 1). However, Petitioner is unable to meet the requirements of § 2255(h)(2), because, as discussed above, *Mathis* is not a new rule of constitutional law which has been deemed to apply retroactively. Moreover, the undersigned need not speculate as to how Petitioner's claim would fare if transferred to the Eighth Circuit, as the Eighth Circuit has previously considered and dismissed the claim Petitioner attempts to raise. *Davis*, Case No. 16-2332 (June 24, 2016). Petitioner's counsel alerted the Eighth Circuit to the *Mathis* decision while Petitioner's § 2255 petition was pending before it, and indicated that he believed it entitled Petitioner to relief. *Id.* Nevertheless, the Eighth Circuit denied Petitioner's § 2255 petition. *Davis*, Case No. 16-2332 (Aug. 3, 2017). As noted above, *Mathis* was merely an extension of *Descamps*, which was itself an extension of earlier cases. Accordingly, Petitioner's reliance on *Descamps* in addition to *Mathis* would not change the outcome.

Additionally, while Petitioner's specific claim based on *Hinkle* has not been reviewed by the Eighth Circuit, the Eighth Circuit has previously rejected an identical claim, holding that a conviction under the same Iowa statute that Petitioner was convicted of violating categorically qualified as a predicate offense for the career offender enhancement. *See Maldonado*, 864 F.3d at 901. To transfer to the Eighth Circuit claims which it has already reviewed and rejected would undoubtedly be a waste of judicial resources. As the Eighth Circuit has directly considered and rejected Petitioner's claims for relief based on the decisions in *Mathis* and *Hinkle,* the undersigned **FINDS** that transfer of a petition based on these cases is frivolous and thus not warranted under § 1631.

Transfer of Petitioner's remaining claims to the Eighth Circuit would be futile for

the same reason that they were not eligible to be raised via the savings clause, because Petitioner does not identify any new law which gives rise to the claims, much less a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court as required by § 2255(h)(2). Petitioner additionally does not make any argument that these claims are based on newly discovered evidence as required by § 2255(h)(1). Accordingly, the undersigned **FINDS** that a transfer of Petitioner's § 2241 petition would be futile as none of the claims he identifies meet the requirements for successive section 2255 petitions as outlined in § 2255(h).

### III.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's Motion to Dismiss, (ECF No. 10), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the parties and any counsel of record.

**FILED:** June 24, 2019

Cheryl A. Eifert
United States Magistrate Judge

27