```
     IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                AT BLUEFIELD
```

DAVID LEE DAVIS,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:18-01192

WARDEN BARBARA RICKARD,
FCI McDowell,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on June 24, 2019, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant respondent's request for dismissal, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections

that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Davis timely filed objections to the PF&R, as well as a letter to the court in support of those objections. See ECF Nos. 17 and 18. With respect to Davis's objections, the court has conducted a de novo review.

On May 9, 2012, in the United States Court for the Southern District of Iowa, Davis pled guilty to conspiracy to distribute cocaine base and marijuana, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On November 16, 2012, Davis was sentenced to a term of imprisonment of 262 months, consisting of 202 months on the drug conspiracy charge and sixty months on the firearm charge, sentences to run consecutively. His sentence was largely driven by his criminal history as he was found to be a career offender under the advisory sentencing guidelines.

Magistrate Judge Eifert's PF&R is thorough and comprehensive and provides an excellent account of the various arguments Davis raises that, according to him, entitle him to habeas relief. Plaintiff's objections are difficult to decipher. Furthermore, to a large degree, they do not direct the court to specific errors in the PF&R but, rather, merely restate the same

arguments previously made without confronting the deficiencies identified in the PF&R.

A.   *Mathis*

Davis objects to the PF&R's ultimate conclusion that his claim is not cognizable in § 2241. To that end, he asserts "Mathis vs United States was decided [in] 2016 well after petitioners direct appeal & 2255." ECF No. 17 at p.1; see also pp.6-8. Davis does not really grapple with the analysis in the PF&R detailing why he is unable to proceed under the savings clause on this claim — Mathis is not a new rule of substantive law that is retroactively applicable on collateral review.

As Magistrate Judge Eifert correctly noted, Davis challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. §

2255.").[1] The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain

---

[1] On July 31, 2019, Davis filed a letter asking the court to consider the Hahn decision. See ECF No. 19. The court has done so but that decision does not undermine the reasoning set forth in the PF&R.

4

circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant

5

relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted).  A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

With respect to his claim under Mathis, Magistrate Judge Eifert concluded that plaintiff could not satisfy the second prong of the Wheeler test, i.e., "Mathis provides an insubstantial basis to allow Petitioner to utilize the savings clause, however, as the decision does not apply retroactively on collateral review."  PF&R at p. 14.  Magistrate Judge Eifert was correct on this point as numerous courts, in both the Fourth and Eighth circuits, have concluded that Mathis does not apply retroactively on collateral review.  See PF&R at pp. 15-16 and authorities cited therein.  The cases that Davis cites in contending that "Mathis is retroactive because substantive decisions such as Mathis presumptively apply retroactively on collateral review", see ECF No. 17 at p.10, also recognize that "Mathis has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law.  Mathis interprets the statutory word `burglary' and does not depend on or announce any novel principle of constitutional law.").  See,

6

e.g., Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016).
Davis's objections are **OVERRULED**.

B.   *Ineffective Assistance of Counsel*

Davis's second objection is to the PF&R's ultimate conclusion that he could not pursue his ineffective assistance of counsel claim by utilizing § 2241. Rather than grapple with this conclusion, Davis instead offers a list of additional reasons why his counsel was ineffective, including: 1) misinforming him about conspiracy law; 2) ignorance of the law surrounding intervening arrest; 3) withholding exculpatory evidence and trial information; 4) not objecting to the 18 U.S.C. § 924(c) charge; and 5) not ensuring that his burglary charge was counted properly. Davis does not even attempt to demonstrate why § 2255 is inadequate or ineffective to address these claims and, accordingly, the second objection is **OVERRULED**.[2]

C.   *Challenging Guidelines Error in Habeas Review*

Under the fourth prong of the Wheeler test, a sentencing error must be sufficiently grave to be deemed a fundamental defect. As the PF&R noted, courts in both the Fourth and Eighth Circuits have concluded that errors in applying the advisory guidelines are not cognizable in habeas review. See PF&R at pp.

---

[2] Davis returns to his ineffective assistance of counsel argument later in his objections. He still fails to address why § 2255 is inadequate or ineffective to address those claims. All objections along these lines are **OVERRULED**.

7

11-14 and authorities cited therein; see also United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) ("sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" is not "a fundamental defect which inherently results in a complete miscarriage of justice"); Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) ("[W]e agree with the government's alternative contention that Sun Bear's collateral attack on an application of the career offender guidelines provisions is not cognizable under § 2255.")(en banc). According to Davis, this violates his right to equal protection under the law. See ECF No. 17 at p.21 ("If a man sentenced today cannot fall victim to this flawed sentencing scheme, then a man sentenced yesterday should not be able to either."). However, claims along these lines are routinely rejected. See, e.g., Jones v. Bruce, 921 F. Supp. 708, 712 (D. Kan. 1996) (holding that limited retroactivity provision of Kansas Sentencing Guidelines Act did not violate equal protection rights of defendant who fell outside statute's retroactivity provision); Dodd v. McCollum, No. CIV-16-795-R, 2017 WL 3474084, *5 (W.D. Okla. July 26, 2017) (rejecting petitioner's claim that failing to apply an amended state statute retroactively would result in a violation of equal protection); Peeler v. Kabban-Miller, No. CIV S-11-1785 MCE GGH P, 2012 WL 2203054, *5 (E.D. Cal. June 14, 2012) ("Petitioner has not cited to any specific Supreme Court

8

authority, and the undersigned is not aware of any, that hold the Equal Protection Clause mandates that [a] finally convicted prisoner receive the benefits of changes in state law which might have benefitted the convicted prisoner if only the conviction had occurred after the change in law.") (emphasis in original).

To the extent that plaintiff claims that he is actually innocent of being a career offender, that argument also fails. See Foote, 784 F.3d at 941 ("Furthermore, to the extent Appellant argues that he is `actually innocent' of being a career offender, the Supreme Court has yet to stretch this Sawyer concept to noncapital sentencing, and we will not do so here."). Nor can plaintiff attack the validity of his underlying burglary conviction that was used to support application of the career offender enhancement in this forum. See Daniels v. United States, 532 U.S. 374 (2001) ("If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and

9

the defendant may not collaterally attack his prior conviction through a motion under § 2255.").[3]

D.   *Transfer to Sentencing Court*

For the sound reasons noted by Magistrate Judge Eifert, the court concludes that transfer of this matter to the sentencing court would be futile. Davis's argument to the contrary is without merit and, therefore, **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's motion to dismiss, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the

---

[3] The court recognizes that Davis's sentence was not statutorily enhanced because of his prior convictions but, rather, his prior convictions were used to determine his guidelines range and the sentence ultimately imposed.

constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 30th day of September, 2019.

ENTER:

David A. Faber
Senior United States District Judge