```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**DAVID LEE DAVIS,**

    **Plaintiff,**

**v.**                                                      **CIVIL ACTION NO. 1:18-01192**

**WARDEN BARBARA RICKARD,**
**FCI McDowell,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated September 30, 2019, the court accepted the Proposed Findings and Recommendation of the magistrate judge, overruled plaintiff's objections thereto, and dismissed plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Pending before the court is plaintiff's letter form motion asking the court to "reconsider" the court's "previous order". ECF No. 23 at p.4. Therefore, the court has construed plaintiff's motion as one seeking relief under Federal Rule of Civil Procedure 59(e) or 60(b).[1]

As our appeals court has noted, "the Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule

---

[1] A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "must be filed no later than 28 days after the entry of the judgment." Plaintiff's filing is postmarked October 30, 2019, which would fall outside the 28-day window. Therefore, it appears that plaintiff's motion was untimely under Rule 59.

59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the two rules appear similar, they are in fact quite distinct." Robinson v. Wix Filtration Corp, LLC, 599 F.3d 403, 411 (4th Cir. 2010). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." Id. The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

> "Rule 59(e) motions may not be used [ ] to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. [Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)] A Rule 59(e) motion tests whether the Court's initial Order was "factually supported and legally justified." Hutchinson v. Staton, 994 F.2d 1076, 1081-82 (4th Cir. 1993). In other words, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." Harwley v. Comm'r of Soc. Sec.

2

>Admin., 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018).
>The movant's "mere disagreement" with the Court's legal
>application "does not support a Rule 59(e) motion."
>Hutchinson, 994 F.2d at 1082.  Accordingly, Rule 59(e)
>provides an "extraordinary remedy which should be used
>sparingly."  Pac. Ins. Co., 148 F.3d at 403.

Heaton v. Stirling, Civil Action No. 2:19-0540-RMG, 2020 WL 838468, *1 (D.S.C. Feb. 18, 2020).

Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

>On motion and just terms, the court may relieve a party
>. . . from a final judgment, order, or proceeding for
>the following reasons: (1) mistake, inadvertence,
>surprise, or excusable neglect; (2) newly discovered
>evidence that, with reasonable diligence, could not
>have been discovered in time to move for a new trial
>under Rule 59(b); (3) fraud (whether previously called
>intrinsic or extrinsic), misrepresentation, or
>misconduct by an opposing party; (4) the judgment is
>void; (5) the judgment has been satisfied, released, or
>discharged; it is based upon an earlier judgment that
>has been reversed or vacated; or applying it
>prospectively is no longer equitable; or (6) any other
>reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances."  Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998).  Dispositions of Rule 60(b) motions are reviewed for abuse of discretion.  See id.

Plaintiff's motion does not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit.  His motion does not raise evidence unavailable at trial or stem from an intervening change in the applicable law.  Nor can the court conclude that a clear

3

error of law has been made or that the court's failure to grant the motion would result in manifest injustice to Davis.

Nor can the court conclude that plaintiff has demonstrated that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6).[2] For all these reasons, plaintiff's motion is **DENIED**.[3]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 6th day of July, 2020

                      ENTER:

                      *David A. Faber*
                      David A. Faber
                      Senior United States District Judge

---

[2] The other grounds for relief under Rule 60(b) clearly do not apply.

[3] If plaintiff wishes to appeal this Memorandum Opinion and Order, he will need to file a notice of appeal.